## Congregación de las Siervas de María v. May.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 660.—Resuelto en junio 7, 1911.

Acción Reivindicatoria—Alegaciones Esenciales de la Demanda.—Son alegaciones esenciales de una demanda para ejercitar la acción reivindicatoria, el consignar el dominio de la cosa por parte del demandante, la descripción de la misma y la posesión por parte del demandado sin título para ello y una demanda que contiene esos hechos demuestra que se ejercita la acción reivindicatoria y no la posesoria.

Acción Posesoria—Requisitos de la Demanda.—Para ejercitar la acción posesoria no es necesario alegar en la demanda la propiedad de la cosa, bastando que se aduzca la posesión y su pérdida, pues aún la mera tenencia es respetada por la ley cuando no transcurre un año desde que se perdió.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Horton y Feliú.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La demanda en este caso alega sustancialmente que Don Pedro Roselló era dueño en 1897, según escritura pública, de una finca descrita en la demanda, con 240 cuerdas de cabida, de las que segregó y vendió, también por escritura pública de 1º. de diciembre de 1897, una parcela o solar de veinte metros de frente por cincuenta de fondo, que asimismo describe, a favor de Doña Mercedes Segarra, cuya señora, por documento público de 31 de agosto de 1898, lo donó a la Congregación demandante, así como un edificio de mampostería que estaba entonces en construcción en dicho solar, donación que fué aceptada por la Congregación demandante; que no siendo inscribible el título de la demandante, tramitó un expediente de dominio que fué aprobado y luego inscrito el 10 de noviembre 1903 en el Registro de la Propiedad de Mayagüez; que desde 1898 la demandante ha sido y es la única y absoluta dueña de dicho solar, teniendo su posesión pacífica y material hasta 1904, desde cuyo año la posee el demandado ilegalmente y

sin título para ello, así como el edificio de mampostería cuyo valor era de $3,000, cuyos materiales ha utilizado el demandado, sin pagar su valor, siendo su renta razonable 600 pesos anuales; concluyendo por pedir se condenara al demandado a entregarle y restituirle la posesión del solar y a pagarle $3,000 por los materiales que se apropió, más $3,600 por la renta de seis años y las costas.

Contra esa demanda se dedujeron varias excepciones, de las cuales sólo una fué sostenida por la corte inferior y ha servido de base para la sentencia que el demandante ha apelado.

La mencionada excepción está redactada en los siguientes términos:

"Que la demanda no aduce hechos suficientes para determinar una causa de acción.

"De los nueve hechos de la demanda, no se deriva causa alguna de acción, pues ninguno de ellos contiene materia que pueda ser objeto de controversia o litigio, ni que puedan por tanto dar origen a acción alguna; reduciéndose la demanda a hacer en ellos una relación de los diversos modos de adquisición de una finca, limitándose en el hecho VII a consignar, que el demandado la posee ilegalmente, sin determinar en qué concepto pueda poseerla el demandado y en qué consiste la ilegalidad de dicha posesión, hecho que se hace preciso y absolutamente necesario consignar, para que pudiera vislumbrarse, al menos, un principio de acción en este caso, y dar origen a materia objeto de controversia o litigio; estando, por otra parte, prescrita cualquier acción que se pretenda para recobrar la posesión, según precepto del artículo 1869 del Código Civil."

En cuanto a la sentencia que es objeto de este recurso, dice así:

"En vista de la resolución de la corte, dictada en el día de hoy, declarando con lugar la excepción de los demandados, de que la demanda no aduce hechos suficientes para determinar una causa de acción, por estimar que es una demanda para recobrar la posesión y que ha prescrito la acción, y vista también la solicitud verbal del Letrado Leopoldo Feliú pidiendo se reserve a la parte demandante el

derecho de iniciar cualquiera otra acción que sea procedente, la corte dicta sentencia desestimando la demanda, por haber prescrito la acción de recobrar la posesión, con las costas a la parte demandante, reservando a dicha parte demandante, el derecho de iniciar las acciones que creyere oportunas, para demostrar su dominio sobre los terrenos que reclama y cualquiera otra acción que fuera procedente.''

La cuestión, pues, a resolver es, si los hechos expuestos en la demanda demuestran el ejercicio de una acción reivindicatoria de propiedad, o que la acción ejercitada es solamente para recobrar la posesión perdida del inmueble en litigio, bajo cuyo último punto de vista apreció la cuestión la corte inferior y por ello fué que declaró la prescripción de tal acción.

Según la jurisprudencia constante del Tribunal Supremo de España y también de esta Corte Suprema, son condiciones indispensables en una acción reivindicatoria, que se fije con precisión y claridad la cosa que se reclama, que se pruebe su dominio e identidad durante el juicio, o sea que es la misma a que se refieren los documentos, y que la posee el demandado.

Véanse las sentencias de 3 de julio de 1883; 22 de septiembre de 1886; 6 de abril de 1887; 14 de junio de 1889; 10 de mayo de 1895; y también las de este tribunal de 24 de octubre de 1900; 10 de mayo y 22 de junio de 1902 y 17 de junio de 1905.

De acuerdo con esta doctrina, la demanda que contenga esos requisitos ejercita una acción reivindicatoria.

Leídos detenidamente los hechos de la demanda en este caso, encontramos que claramente consigna que la asociación demandante, es dueña por título de donación aceptada, del solar objeto del litigio, expresando además que lo tiene inscrito a su nombre en el registro de la propiedad, la procedencia del mismo, que tuvo su posesión material hasta que en 1904 lo ocupó y poseyó el demandado sin título alguno para ello, así como la construcción existente en el mismo. Contiene, pues, todos los requisitos de una demanda reivin-

dicatoria, por lo que debe considerarse. como tal; y si esos hechos son ciertos, y nada hay que obstaculice el ejercicio de su derecho, tiene acción para que por el demandado se le reconozca su dominio, devolviéndole el solar, la construcción que en él existía cuando lo detentó y en su caso los frutos o rentas del mismo.

Los hechos, pues, de la demanda demuestran por sí mismos, que se ejercita la acción reivindicatoria y no la de recobrar la posesión perdida, porque para ejercitar ésta, no era necesario alegar, como se alegó, la propiedad de la cosa, bastando con aducir la posesión y su pérdida, la mera tenencia, pues aun ésta es respetada por la ley cuando no transcurre un año desde que se perdió.

Si, pues, no se alega la posesión sino el dominio, es claro que no se trata de recobrar únicamente la posesión sino el dominio, por lo que la acción ejercitada es reivindicatoria de propiedad y no de recobrar la posesión, en cuyo caso hubiera sido aplicable la prescripción consignada en el artículo 1869, número 1º. del Código Civil Revisado, porque aparecería en la propia demanda, que por más de un año se había perdido la posesión.

Como la demanda contiene todas las alegaciones necesarias para una acción reivindicatoria, que no aparece prescrita, fué errónea la resolución y sentencia de la corte inferior que no lo estimó así, sino que se ejercitaba una acción prescrita, para recobrar la posesión, por lo que la sentencia debe ser revocada, continuándose los procedimientos a fin de que el demandado conteste dentro del término que se le fije por la corte inferior.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

Juez disidente: Sr. MacLeary.